[Civ. No. 20697. Second Dist., Div. One. Mar. 28, 1955.]

AUDREI PINK, Appellant, v. DR. WILFRED W. SLATER, Respondent.

Aaron Sapiro and Charles M. Arak for Appellant.

DeForrest Home for Respondent.

DRAPEAU, J.—Plaintiff employed defendant, a medical doctor, to remove scars from her face and nose. When she got through with the plastic surgery her appearance was worse than when she started. Infection followed the operation to remove one of the scars. Hence this action for malpractice.

Plaintiff appeals from a judgment for defendant, based upon findings by the trial judge.

Plaintiff contends that there was substantial evidence to support her case.

But it may be inferred from the testimony of the defendant doctor that the infection was not due to negligence, and that he used a recognized and approved method of practice. And there was no testimony of any medical witness that there was negligence. Therefore, the record supports the findings and the judgment.

Generally the propriety or impropriety of particular medical treatment can be established only by expert medical testimony. (*Moore* v. *Belt*, 34 Cal.2d 525 [212 P.2d 509]; *Church* v. *Bloch*, 80 Cal.App.2d 542 [182 P.2d 241].)

Plaintiff argues that it was error to discharge the jury after the trial had begun.

The jury had been called at defendant's request. During the trial he notified the court that he did not desire the further attendance of the jury. Plaintiff was then offered the right to assume the jury, which she waived.

This was a sufficient waiver of the jury, under section 631 of the Code of Civil Procedure. (*Glogau* v. *Hagan*, 107 Cal.App. 2d 313 [237 P.2d 329].) Moreover, a party cannot without objection try his case before a court without a jury, lose it and then complain that it was not tried by jury. (*Smith* v. *Brannan*, 13 Cal. 107.)

Plaintiff further argues that it was error for the court to refuse to appoint an independent medical expert to testify and present expert evidence at the trial.

There is nothing in our law which makes it mandatory for

a trial court to appoint a medical expert in any case. Generally section 1871 of the Code of Civil Procedure permits the appointment of a court's expert in proper cases; but the law does not create an absolute right to the appointment of an expert witness. Significantly the section uses the word "may," and the cases hold that the appointment of an expert is committed to the discretion of the court. (*People* v. *Rickson*, 112 Cal.App.2d 475 [246 P.2d 700] ; *Laguna etc. School Dist.* v. *Pacific Dev. Co.*, 119 Cal.App.2d 470 [259 P.2d 498].) No abuse of discretion appears here.

Plaintiff finally argues that the court should have applied the doctrine of res ipsa loquitur. For all that this court can tell from the record it may be that the trial court did take that presumption into consideration, along with the facts. However, in this case res ipsa loquitur is not applicable. ■ In malpractice actions res ipsa loquitur applies only when it follows as a matter of common knowledge from the nature of the injury that the result would not have happened without carelessness or negligence. (*Moore* v. *Belt, supra*, 34 Cal.2d 525.)

The judgment is affirmed.

White, P. J., and Doran, J., concurred.

Appellant's petition for a hearing by the Supreme Court . was denied May 25, 1955. Carter, J., was of the opinion that the petition should be granted.