Filed 6/22/22

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| K.R.,<br><br>    Petitioner,<br><br>v.<br><br>THE SUPERIOR COURT OF NAPA COUNTY,<br><br>    Respondent;<br><br>THE PUBLIC CONSERVATOR OF NAPA COUNTY,<br><br>    Real Party in Interest. | A164821<br><br>(Napa County<br>Super. Ct. No. 21MH000078) |

The Lanterman-Petris-Short Act (LPS Act, Welf. & Inst. Code, § 5000 et seq.)[1] authorizes one-year conservatorships over individuals who are "gravely disabled" by a mental health disorder or chronic alcoholism. Persons subject to the LPS Act are entitled to a court or jury trial on whether they are gravely disabled, and they must be personally advised of this right by the trial court. (§ 5350; Prob. Code, § 1828, subd. (a)(6).) The trial demand may be asserted either before or after the "hearing on the conservatorship petition." (§ 5350, subd. (d)(1) (hereafter, § 5350(d)(1)).) If the demand is made before the hearing, "the demand shall constitute a waiver of the

---

[1] Further statutory references are to the Welfare and Institutions Code unless stated otherwise.

hearing" (*ibid.*), and the matter will proceed to trial forthwith (§ 5350, subd. (d)(2)). If no demand is made, the trial court must hold a timely "hearing on the conservatorship petition," and the proposed conservatee has up to five days "following" the hearing to demand a trial by court or jury. (§ 5350(d)(1).)

In the instant matter, the trial court held a hearing on March 2, 2022 and established a conservatorship over petitioner K.R. after considering witness testimony and arguments (the March 2 proceeding). At no time prior to the March 2 proceeding did K.R. or her counsel demand a court or jury trial, nor was K.R. ever personally advised by the trial court of her right to a jury trial. Immediately after the court announced its decision to establish the conservatorship, K.R.'s counsel demanded a jury trial pursuant to section 5350. That demand was eventually denied.

We agree with K.R. that the trial court erred in denying her timely jury trial demand. In so concluding, we reject the contention of real party in interest Public Conservator of Napa County (the public conservator) that the March 2 proceeding was actually a bench trial and that K.R. forfeited or waived her jury trial right by participating in it. Applying settled rules of statutory construction, we conclude that section 5350(d)(1) draws a distinction between a "hearing" and a "trial" on a conservatorship petition and offers no option to a trial court to conduct a bench trial in the absence of a demand by the proposed conservatee. Moreover, the record affords no basis for concluding that K.R. forfeited or waived her right to a jury trial. Accordingly, we will grant K.R.'s petition for a writ of mandate.

## FACTUAL AND PROCEDURAL BACKGROUND

On October 7, 2021, the public conservator petitioned to be appointed conservator over K.R. The petition alleged that K.R. had been evaluated by a

2

mental health professional and found to be gravely disabled due to a mental disorder.  The petition and accompanying "Notice of Hearing" indicated that the hearing on the petition was scheduled for November 16, 2021.

Prior to that scheduled date, on October 14, 2021, the parties appeared before the trial court to discuss a temporary conservatorship.  As reflected in the minute order of the October 14 hearing, the court granted a temporary conservatorship after K.R. responded to its questions and K.R.'s counsel "submitted the matter on the Petition."

On November 16, 2021, the parties appeared before the trial court to "Establish Conservatorship/Guardianship."  As described in the minute order, the parties agreed to continue the matter, with the temporary conservatorship remaining in effect.  Thereafter, the parties appeared before the trial court on November 30, 2021, January 25, 2022, and February 9, 2022, and each time, the matter was continued to a later date.

On March 2, 2022, the matter again came before the trial court to "Establish Conservatorship/Guardianship."  The minute order reflects that the court heard testimony from forensic psychologist Dr. Richard Geisler, deputy public conservator Gianna Thompson, and K.R.  The court also considered documentary evidence and arguments from counsel.  Immediately after the court granted the petition to establish a conservatorship, K.R.'s counsel requested "a Jury Trial for a Re-Hearing on this issue pursuant to WIC5350."  The court continued the matter to March 7, 2022.  At the continued hearing, the court denied K.R.'s request for a jury trial, citing *Baber v. Superior Court* (1980) 113 Cal.App.3d 955 (*Baber*).

K.R. filed the instant petition for a writ of mandate alleging the trial court's denial of her jury trial demand was contrary to law, an abuse of discretion, and in excess of the court's jurisdiction.  The petition recounts that

3

neither K.R. nor her counsel waived K.R.'s right to a jury trial (§ 5350(d)(1)) following the March 2, 2022 hearing. The petition further alleges that the court failed to: (1) inquire, at any of the multiple hearings, whether K.R. was waiving her right to a jury trial and agreeing to have the matter heard as a court trial; and (2) advise K.R. of her right to a jury trial.

On May 13, 2022, we issued an order to show cause why the relief requested in the writ petition should not be granted.[2]

## DISCUSSION

K.R. contends the trial court erroneously denied her demand for a jury trial because section 5350(d)(1) afforded her the right to demand a jury trial within five days after the March 2 proceeding. The public conservator disputes that the March 2 proceeding was a "hearing" on the petition, arguing instead that it was a bench trial and that K.R. waived her right to a jury trial by (1) failing to demand a jury trial within five days of the parties' prior court appearances in late 2021 and early 2022; and (2) fully participating in the March 2 proceeding without objecting to the absence of a jury.

The resolution of this dispute requires us to interpret relevant provisions of the LPS Act regarding the apparent distinction between a "hearing" and a "trial" on a conservatorship petition. Our role in this regard " 'is to ascertain the intent of the Legislature so as to effectuate the purpose of the enactment. [Citation.] We look first to the words of the statute, which

---

[2] K.R. separately filed a notice of appeal from the March 7, 2022, order denying her request for a jury trial (case No. A164886). In our order to show cause, dated May 13, 2022, we observed that K.R.'s appeal is an inadequate remedy under the circumstances, and we deemed it appropriate to decide the merits of her case in the writ petition proceeding. Accordingly, we stayed further proceedings in the appeal until resolution of the writ petition.

4

are the most reliable indications of the Legislature's intent.  [Citation.]  We construe the words of a statute in context, and harmonize the various parts of an enactment by considering the provision at issue in the context of the statutory framework as a whole.' " (*Kim v. Reins International California, Inc.* (2020) 9 Cal.5th 73, 83.)

Chapter 3 of the LPS Act (§§ 5350–5372) provides for the imposition of a conservatorship over a gravely disabled individual under specifically described circumstances.  Where, as here, a mental health professional recommends the initiation of conservatorship proceedings, and a county officer providing conservatorship investigations agrees with the recommendation, the officer must petition the superior court in the county of the patient's residence to establish conservatorship.  (§ 5352.)  Upon filing of the petition, "[a] *hearing* shall be held . . . within 30 days of the date of the petition."  (§ 5365, italics added.)

Chapter 3 also provides that proposed conservatees have the right to a trial by court or jury to determine whether they are gravely disabled. (§ 5350(d)(1).)  "Demand for court or jury trial shall be made within five days following the hearing on the conservatorship petition.  If the proposed conservatee demands a court or jury trial before the date of the hearing as provided for in Section 5365, the demand shall constitute a waiver of the hearing."  (*Ibid.*)  "Court or jury trial shall commence within 10 days of the date of the demand, except that the court shall continue the trial date for a period not to exceed 15 days upon the request of counsel for the proposed conservatee."  (§ 5350, subd. (d)(2).)

By its plain terms, section 5350 evinces the Legislature's intent that a "hearing" is to be the default judicial proceeding for LPS conservatorship petitions.  The hearing is waived only if the proposed conservatee demands a

5

trial before the hearing, in which case the matter proceeds to trial without a hearing. (§ 5350(d)(1), (2).) But if the proposed conservatee makes no pre-hearing trial demand, then the trial court must hold a timely hearing on the conservatorship petition (§§ 5350(d)(1), 5365), and the proposed conservatee retains the option of demanding a court or jury trial within five days "following" that hearing (§ 5350(d)(1)). Although section 5350 does not define the terms "hearing" and "trial," it is manifested from the statutory language that the two are procedurally distinct.[3] Thus, section 5350 offers no option to a trial court to conduct a trial in the absence of a trial demand, and the statute leaves it to the proposed conservatee to decide whether to demand a court or jury trial either before or after the statutorily contemplated hearing.

In the instant matter, the minute orders from November 2021 to March 2022 reflect that the March 2 proceeding was the culmination of several continuances of the hearing for the conservatorship petition that was originally set for November 16, 2021. It is undisputed that K.R. never demanded a court or jury trial prior to the March 2 proceeding. Accordingly, under the statutory framework set forth above, the March 2 proceeding is properly regarded as the "hearing on the conservatorship petition," and K.R. retained her right to demand a jury trial in the five days "following" the March 2 proceeding. (§ 5350(d)(1).)

---

[3] We note that section 5118, recently amended by Senate Bill No. 578 (2021–2022 Reg. Sess.), broadly defines "hearing" to include "jury trials." (§ 5118, subd. (d).) However, this definition applies only "[a]s used in this section" (*ibid.*), which pertains to the times, places, and presumptive confidentiality of LPS hearings (*id.*, subds. (a)–(c)). Thus, we do not construe section 5118, subdivision (d), as providing a general definition of "hearing" for the entire LPS Act. Indeed, such a construction would render meaningless the clear distinction in section 5350(d)(1), between the "hearing on the conservatorship petition" and a "trial."

In denying K.R.'s demand for a jury trial pursuant to *Baber*, the trial court appears to have construed the demand as a request for rehearing under section 5364.[4]  But even though the minute order indicates that K.R.'s counsel requested "a Jury Trial for a Re-Hearing," the order specifically reflects that the request for a jury trial was made pursuant to "WIC5350," not section 5364.  As discussed, section 5350(d)(1) afforded K.R. the right to timely request and obtain a jury trial, and section 5364 provides no basis for sidestepping that right.

The public conservator nevertheless contends that K.R. waived her right to a jury trial in several ways.  Starting from the premise the parties' appearances on October 14, 2021, November 30, 2021, January 25, 2022, and February 9, 2022, were "hearings" within the meaning of section 5350(d)(1), the public conservator argues that these hearings triggered K.R.'s five-day deadline to request a trial.  Citing *Conservatorship of Joseph W.* (2011) 199 Cal.App.4th 953 (*Joseph W.*), the public conservator argues that K.R. waived her jury trial right because she failed to timely demand a trial after those appearances.  We are not persuaded.

Although *Joseph W.* did not directly involve proceedings under section 5350, the court sought to "harmoniz[e]" sections 5362[5] and 5350 and

---

[4]     Section 5364 provides in relevant part:  "At any time, the conservatee may petition the superior court for a rehearing as to his status as a conservatee."  *Baber* held there is no right to a jury trial at a section 5364 rehearing.  (*Baber*, *supra*, 113 Cal.App.3d at p. 960.)

[5]     Section 5362 prescribes the required content for a notice of impending termination of conservatorship.  The notice must indicate that if the conservator petitions to reestablish conservatorship, the conservatee (or other noticed person) may request a "court hearing or jury trial" on the issue of whether the conservatee is still gravely disabled and in need of conservatorship.  (§ 5362, subd. (a).)  In the absence of such request, the trial

7

concluded the term "hearing" had the same meaning in both statutes. (*Joseph W.*, *supra*, 199 Cal.App.4th at p. 965.) Specifically, *Joseph W.* interpreted the term to mean "a summary-type proceeding short of a 'trial.' " (*Id*. at pp. 965–966.) Even accepting the general correctness of *Joseph W.*'s interpretation, section 5350(d)(1) is not reasonably construed as imposing its five-day deadline for a court or jury trial demand where, as here, court appearances merely resulted in stipulations to continue the noticed hearing to future dates. The more reasonable and sensible interpretation of section 5350(d)(1) is that a trial demand is timely if it is asserted no later than five days after the *completion* of the statutorily contemplated hearing on the conservatorship petition. Under that interpretation, K.R.'s trial demand, asserted at the conclusion of the March 2 proceeding, was timely.

We also disagree with the public conservator's suggestion that the parties' appearance at the hearing on October 14, 2021, triggered K.R.'s five-day deadline to demand a trial. The record establishes that the conservatorship petition and accompanying notice were served on October 7, 2021 and specified that the hearing on the petition was scheduled for November 16, 2021, not October 14, 2021. That the parties appeared on October 14 to discuss a temporary conservatorship lends no basis for concluding that the conservatorship hearing was held on that date. Indeed, such a conclusion would run afoul of the notice rules incorporated into the LPS Act. (See § 5350 [procedures under chapter 3 of LPS Act "shall be the same as" under Division 4 (commencing with § 1400) of Probate Code, except as otherwise provided in § 5350].) As relevant here, Probate Code section 1822, subdivision (a), provides that notice must be given "[a]t least 15 days

---

court may, on its own motion, accept or reject the petition to reestablish the conservatorship. (§ 5362, subd. (b).)

8

before the hearing on the petition for appointment of a conservator" and prohibits the court from "shorten[ing] the time for giving the notice of hearing under this section." Since the conservatorship petition and hearing notice were served on October 7, 2021, the conservatorship hearing could not have been held a mere seven days later on October 14.

The public conservator next contends K.R. waived her right to a jury trial by fully participating in the March 2 proceeding, as that proceeding was "indisputably" a bench trial. But the public conservator makes no attempt to explain how the trial court could properly hold a bench trial in the absence of a demand by K.R. given the statutory framework discussed above.

Moreover, while the absence of a reporter's transcript precludes us from examining the record for any references to the setting of a bench "trial," we note the public conservator does not dispute K.R.'s assertion that "[a]t no point did the Superior Court identify or designate the March 2, 2022 hearing on the petition as a Court Trial." Notably, the court's minute orders—which are all fairly detailed—did not mention the setting or holding of a "trial" on March 2, 2022. And even the court's own written order after the March 2 proceeding states that "[t]he Petition for Appointment of Conservator came on for *hearing*," not a trial. (Italics added.)

Despite the foregoing, the public conservator maintains that K.R. and her counsel should have realized the March 2 proceeding was a bench trial because it was not a "hearing" (e.g., a summary-type proceeding short of a trial) and instead had certain defining features of a "trial" (e.g., oral testimony, determination of legal and factual issues). Relying again on *Joseph W.*, the public conservator contends that K.R.'s failure to object to the absence of a jury in the March 2 proceeding constituted a waiver of her right

9

to a jury trial. This waiver contention requires a more in-depth review of *Joseph W.*

In *Joseph W.*, the Court of Appeal acknowledged that the trial court erred in construing the conservatee's request for a "court hearing" as a request for a "court trial." (*Joseph W.*, *supra*, 199 Cal.App.4th at p. 967.) But the court concluded that the conservatee "waived or forfeited that error, along with his statutory right to a jury trial," by "appearing with his counsel at, and fully participating in, the court trial on the Petition without objecting to the court's misinterpretation of his request for a hearing and without either (1) expressly requesting only a summary-type, initial hearing (and thereby preserving his right to subsequently demand a court or jury trial) or (2) demanding a jury (and not a court) trial." (*Id.* at pp. 967–968.)

We decline to apply *Joseph W.*'s forfeiture rationale, as it relied principally on decisions applying the forfeiture doctrine without distinguishing between a party's forfeiture of a claim of error and the validity of a party's waiver of important statutory rights. (See *Joseph W.*, *supra*, 199 Cal.App.4th at pp. 968–969.)[6] The distinction is a critical one, as "forfeiture results from the failure to invoke a right, while waiver denotes an express relinquishment of a known right; the two are not the same." (*People v. Romero* (2008) 44 Cal.4th 386, 411.)

---

[6]  *Joseph W.* also relied on certain older decisions in ordinary civil actions where the appellants knowingly went to trial but failed to object to the absence of a jury. (See *Joseph W.*, *supra*, 199 Cal.App.4th at p. 968, citing *City of Los Angeles v. Zeller* (1917) 176 Cal. 194, *Ferrea v. Chabot* (1898) 121 Cal. 223, *Boston Tunel Co. v. McKenzie* (1885) 67 Cal. 485, *Glogau v. Hagan* (1951) 107 Cal.App.2d 313, and *Pink v. Slater* (1955) 131 Cal.App.2d 816.) Those cases do not provide an apt analogy given the specific statutory framework governing conservatorships.

As to the question of forfeiture, we cannot conclude that K.R. forfeited her claim of error by participating in the March 2 proceeding without objection. To the contrary, based on the totality of circumstances it was reasonable for K.R. and her counsel to believe the March 2 proceeding was the statutorily referenced hearing on the conservatorship petition. Furthermore, and in any event, because the forfeiture doctrine is not absolute (*People v. Williams* (1998) 17 Cal.4th 148, 161, fn. 6), and there appear to be no disputed facts at issue, we choose to exercise our discretion to address the merits of the claim notwithstanding K.R.'s failure to object below. (See *Conservatorship of Bryan S.* (2019) 42 Cal.App.5th 190, 194, disapproved on other grounds in *Public Guardian of Contra Costa County v. Eric B.* (2022) 12 Cal.5th 1085, 1107.)

As for the issue of waiver, several appellate courts postdating *Joseph W.* have reaffirmed the principle that a person's waiver of the statutory right to a jury trial in LPS civil commitment proceedings must be knowingly and voluntarily made. (See *Conservatorship of Joanne R.* (2021) 72 Cal.App.5th 1009, 1017–1018; *Conservatorship of C.O.* (2021) 71 Cal.App.5th 894, 914– 915 (*C.O.*); *Conservatorship of Heather W.* (2016) 245 Cal.App.4th 378, 383– 385 (*Heather W.*); *Conservatorship of Kevin A.* (2015) 240 Cal.App.4th 1241, 1249–1251 (*Kevin A.*).)[7] Although the courts are split as to whether the LPS

_____

[7] These cases also recognize that a trial court may accept an attorney's waiver of the client's jury trial right where the client lacks the capacity to make a knowing and voluntary waiver. (See *C.O.*, *supra*, 71 Cal.App.5th at p. 911; *Heather W.*, *supra*, 245 Cal.App.4th at p. 385; *Kevin A.*, *supra*, 240 Cal.App.4th at p. 1251.) But here, there was no express waiver by K.R.'s counsel. Furthermore, in order for the trial court to accept counsel's waiver, the court must determine that the client lacked the capacity to knowingly and voluntarily waive the right. (*Heather W.*, at p. 385; *Kevin A.*, at p. 1251.) In this case, there is no indication in the record that the trial court made such a determination as to K.R. "[C]onservatees are not, by reason of their

Act or principles of due process require a trial court to obtain a personal, on-the-record waiver of the jury trial right (see *C.O.*, at pp. 909–913, 915 [disagreeing with *Heather W.*]), the decisions are in accord that a trial court must personally advise a person of the statutory right to a jury trial in LPS proceedings. (*C.O.*, at pp. 908–909 [Prob. Code, § 1828, subd. (a)(6), incorporated into LPS Act by section 5350, requires trial court to personally advise proposed conservatee of jury trial right]; *Heather W.*, at pp. 383–384 [same]; *Kevin A.*, at p. 1249 [same].) This "procedural safeguard" (*C.O.*, at p. 909) unquestionably bears upon our determination of waiver. On this score, the public conservator appears to concede that the trial court did not personally advise K.R. of her right to a jury trial during the proceedings below. Since our review of the record also discloses no such advisement by the court, the claim of waiver is rejected.

The public conservator argues that, in any event, the trial court's erroneous failure to advise was harmless. We disagree. An error resulting in a complete denial of a person's right to a jury trial on the entire cause in a commitment proceeding is not susceptible to ordinary harmless error analysis and automatically requires reversal. (*Heather W.*, *supra*, 245 Cal.App.4th at p. 385.) Here, K.R. was not merely denied personal advisement of her right to a jury trial; for the reasons discussed, she suffered a complete denial of the "fundamental right to decide who hears the evidence to make [the grave disability] finding—a judge or a jury. The trial court's error is not harmless." (*Id.* at p. 384.)

---

conservatorship, automatically considered incompetent, and their ability to knowingly and intelligently waive their hearing rights is a question of fact[.]" (*Conservatorship of Moore* (1986) 185 Cal.App.3d 718, 732.)

In closing, we reject the public conservator's additional suggestion that the trial court's failure to personally advise K.R. of the right to a jury trial warrants application of the harmless error analysis employed in *C.O.*, *supra*, 71 Cal.App.5th 894. *C.O.* held that where a trial court *accepts counsel's waiver* of the jury trial right on the client's behalf, the court's failure to personally advise the proposed conservatee of the jury trial right does not by itself warrant automatic reversal and may be found harmless if the record affirmatively shows, based on the totality of the circumstances, that the waiver was knowing and voluntary. (*C.O.*, at p. 918.) Here, however, the record contains no indication that K.R.'s counsel purported to waive K.R.'s jury trial right or that the trial court acted to accept any such waiver. Instead, it appears that both K.R. and her counsel proceeded reasonably in assuming the March 2 proceeding was simply the statutorily authorized hearing on the conservatorship petition. At bottom, the record in this case lacks the requisite facts to warrant a finding of harmless error under *C.O.*

## DISPOSITION

The petition is granted. Let a peremptory writ of mandate issue directing the superior court to vacate its March 7, 2022, order denying K.R.'s demand for a jury trial and to enter a new order granting the demand and scheduling a jury trial on the conservatorship petition.

13

_____
Fujisaki, J.

WE CONCUR:

_____
Tucher, P.J.

_____
Petrou, J.

Trial Court:        Napa County Superior Court

Trial Judge:        Hon. Scott Young

Counsel:            Ronald H. Abernethy, Napa County Public Defender, for
                    Petitioner.

                    Thomas C. Zeleny, Interim County Counsel, Susan Altman,
                    Deputy County Counsel, for Real Party in Interest.