Filed 12/22/25  P. v. Faison CA1/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>　　　　Plaintiff and Respondent,<br><br>v.<br><br>JAMES GREGORY FAISON, JR.,<br><br>　　　　Defendant and Appellant. | A171604<br><br>(Contra Costa County<br>Super. Ct. No. 04-24-01249) |

The trial court found defendant James Gregory Faison, Jr. incompetent to stand trial and authorized the involuntary administration of medication. Defendant appeals on the grounds his rights to due process and equal protection were violated by the denial of a full evidentiary hearing on whether he should be involuntary medicated.

The Attorney General has moved to dismiss the appeal as moot because defendant has since been restored to competency and granted mental health diversion.  For the reasons that follow, we grant the motion and dismiss the appeal.

### FACTUAL AND PROCEDURAL BACKGROUND

Defendant was charged by complaint on June 17, 2024 with seven counts of felony vandalism with damages of more than $400.  (Pen. Code, § 594, subd. (a); see *id*., subd. (b)(1); all statutory references are to this code.)

1

His attorney declared a doubt as to his competency to stand trial (§ 1368), and the trial court suspended criminal proceedings and appointed doctors to evaluate him. After reviewing their reports, on September 3, 2024 the trial court found defendant incompetent to stand trial and ordered him referred to the Contra Costa Conditional Release Program (CONREP) for a recommendation regarding placement for restoration to competency. The court also noted that both doctors had opined defendant met the criteria for involuntary medication, and it indicated it would hear argument on that point at the commitment hearing. (§ 1370, subd. (a)(2)(B).)

CONREP recommended that defendant be committed to the Department of State Hospitals (DSH), and the trial court did so on October 1, 2024. At the hearing, defense counsel objected to an involuntary medication order and argued defendant had the right to a full hearing on the issue on due process and equal protection grounds. Without holding an evidentiary hearing, the trial court authorized DSH to administer medication to defendant involuntarily. Defendant timely appealed the trial court's October 1 order.

Defendant moved for pretrial mental health diversion on November 12, 2024. (§ 1001.36) The trial court referred the matter to Forensic Mental Health for an evaluation of whether a treatment plan could be provided, and a plan was later provided to the court that included psychiatric appointments, medication, and individual and group therapy.

On January 6, 2025, the trial court found defendant competent to stand trial, reinstated criminal proceedings, granted defendant's request for pretrial mental health diversion, and ordered him released with conditions. Defendant agreed to comply with his treatment plan.

2

After this appeal was filed—and after defendant's opening brief on appeal was filed—the Attorney General filed a motion to dismiss the appeal as moot. We deferred consideration of the motion until we could consider the merits of the appeal. Although defendant did not file an opposition to the motion to dismiss, he urges us in his appellate briefs to exercise our discretion not to dismiss the appeal as moot.

## DISCUSSION

A case is moot if a court ruling can have no practical effect and would provide no effective relief to the parties. (*People v. Armas* (2024) 107 Cal.App.5th 350, 353.) Even if an action was originally based on a justiciable controversy, it cannot be maintained on appeal " ' "if all of the questions have become moot by subsequent acts or events. A reversal in such a case would be without practical effect, and the appeal will therefore be dismissed." ' " (*Ibid.*)

Later events have overtaken the trial court's order committing defendant to DSH and authorizing involuntary medication. He has been declared competent to stand trial and diverted to pretrial mental health treatment, and he is no longer subject to the orders on appeal. No action on our part will provide him effective relief.

Nevertheless, defendant asks us to exercise our discretion to decide his appeal because, he asserts, it raises issues of "broad public interest that [are] likely to recur" (*In re William M.* (1970) 3 Cal.3d 16, 23) and because those issues are likely to evade review due to the short duration of involuntary treatment orders, which are limited to one year (§ 1370, subd. (a)(7)(A)), the length of time it takes to resolve an appeal, and the risk that an involuntary medication order may—as here—be superseded by later events.

3

While recognizing the concerns defendant raises, we are not persuaded we should consider on the merits this appeal, which can have no practical effect on defendant. This is not a case in which an appellant is subject to successive commitments of limited duration, each of which may expire before an appeal can be decided. (See *People v. Rish* (2008) 163 Cal.App.4th 1370, 1380–1381.) Rather, defendant is no longer committed to DSH, is no longer being involuntarily medicated, and has been granted pretrial mental health diversion. And defendant has suggested no collateral consequences he would face even after the order he appeals is no longer effective. (See *Conservatorship of K.Y.* (2024) 100 Cal.App.5th 985, 988–989 (*K.Y.*).) Nothing we could do would have any practical effect for defendant.

Nor are we persuaded by defendant's argument that the issues he raises are likely to evade appellate scrutiny. (See *People v. Harrison* (2013) 57 Cal.4th 1211, 1217–1218; *K.Y.*, *supra*, 100 Cal.App.5th at p. 989; *Conservatorship of Joseph W.* (2011) 199 Cal.App.4th 953, 960–961.) Our colleagues in Division Two of this court have recently considered and decided an appeal rejecting the very arguments defendant makes here—that "the trial court violated [a defendant's] rights to due process and equal protection when it issued [an] involuntary medication order without first affording him an evidentiary hearing." (*People v. Lewis* (2025) 111 Cal.App.5th 1078, 1086.) We acknowledge a different court might have analyzed these issues differently. (See, e.g., *Fost v. Superior Court* (2000) 80 Cal.App.4th 724, 733–735 [" 'Cross-examination of a witness is a matter of right,' " and "the conventional remedy" for a witness unavailable for cross-examination "is to exclude the witness's testimony on direct"].) We are also mindful that orders of commitment for mental health issues may become moot before an appeal can be decided. (See *K.Y.*, at p. 990.) But we nonetheless remain

4

unpersuaded that the issues appellant raises have evaded, or will evade, appellate review, and we decline to exercise our discretion to revisit them here.  (See *People v. Pipkin* (2018) 27 Cal.App.5th 1146, 1152 [declining to reach moot question another case had recently addressed]).

## DISPOSITION

The appeal is dismissed as moot.


                                              TUCHER, P. J.

WE CONCUR:

PETROU, J.
RODRÍGUEZ, J.


*People v. Faison* (A171604)