Filed 7/17/14

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| Conservatorship of the Person of G.H. | H038826<br>(Santa Clara County<br>Super. Ct. No. 1-78 MH025600) |
| SANTA CLARA COUNTY PUBLIC GUARDIAN'S OFFICE,<br><br>    Plaintiff and Respondents,<br><br>        v.<br><br>G.H.,<br><br>    Defendant and Appellant. | |

G.H. appeals from an order reappointing a conservator of his person under the Lanterman-Petris-Short (LPS) Act (Welf. & Inst. Code, § 5000 et seq.). His appeal calls upon us to address the question of whether the trial court can impose a terminating sanction, pursuant to Code of Civil Procedure section 2032.410, against a proposed LPS conservatee in the absence of a court order requiring a mental examination of the proposed conservatee.[1]

---

[1] After the parties completed briefing in this matter, G.H.'s counsel informed this court that G.H. died on April 19, 2014. His death during the pendency of the appeal abates all further proceedings in the case. (*People v. Her* (2013) 216 Cal.App.4th 977, 979, fn 1.) However, we exercise our inherent authority to retain the appeal for issuance of an opinion because it raises an important issue of public interest that is likely to recur in other cases. (See, e.g., *People v. Nottoli* (2011) 199 Cal.App.4th 531, 535, fn 3.)

# BACKGROUND

In 1998, the Santa Clara County Superior Court established a conservatorship over G.H.'s person pursuant to the LPS Act. Since that time, G.H. has been under continuous conservatorship.

On March 27, 2012, the Santa Clara County Public Guardian (hereafter "Public Guardian") filed a petition to be reappointed G.H.'s conservator under the LPS Act. The petition alleged that G.H remained gravely disabled as a result of mental disorder.

G.H.'s counsel requested that the matter be set for an evidentiary hearing. The trial court set the evidentiary hearing for May 9, 2012.

On May 9, 2012, G.H. was not present in court. The Public Guardian explained that G.H. had refused to submit to a mental examination with the Public Guardian's doctor, and that it did not intend to transport G.H to court unless G.H. submitted to the mental examination. G.H.'s counsel requested that the evidentiary hearing on the reappointment petition be continued, and he also requested that G.H be transported to court for the evidentiary hearing. The Public Guardian asserted that G.H.'s failure to submit to a mental examination was a discovery violation, that the appropriate sanction for such a discovery violation was to deny G.H. an evidentiary hearing, and that there would thus be no need to transport G.H. to court if he failed to submit to a mental examination. G.H.'s counsel argued that G.H. had a right to a "contested hearing . . . regardless of whether he agree[d] to see the doctor." The court issued the following ruling: "I'm going to make two orders. The first is I will continue this evidentiary hearing to May 23[] . . . . I will further order that if [G.H.] does not meet with the doctor prior to that hearing, then there's no obligation to transport him at that time . . . ."

On May 23, 2012, G.H. was absent from court. The Public Guardian explained that G.H. had again refused to submit to a mental examination with the Public Guardian's doctor. The Public Guardian requested that the court grant the reappointment petition

2

without an evidentiary hearing as a sanction for G.H.'s failure to submit to the mental examination. G.H.'s counsel argued that G.H. had a right to a trial and a right to be present in court, regardless of whether G.H. cooperated with the Public Guardian's doctor. The court granted a continuance so that the parties could file written briefing.

G.H. filed a "Brief Regarding Right to Trial on Petition to Reestablish Conservatorship." G.H.'s brief argued that G.H. had a "due process right to an evidentiary hearing on the issue of whether he continue[d] to be gravely disabled." The brief also argued that G.H. had "no obligation" to "cooperate with or even speak to witnesses who [were] retained by the opposition." The Public Guardian filed an "Opposition Brief Regarding Right to Trial on Petition to Reestablish Conservatorship." The Public Guardian's brief argued that G.H.'s failure to submit to a mental examination with the Public Guardian's doctor warranted "the imposition of an issue/evidence sanction, pursuant to [Code of Civil Procedure] § 2032.410, barring [G.H] from contesting [the Public Guardian's] evidence."

The court issued a ruling on the briefs at a hearing on July 25, 2012. G.H. was not present at the hearing. The court granted the Public Guardian's request for a discovery sanction and granted the reappointment petition. The court filed a written order that explained the ruling. The written order noted that G.H.'s failure to submit to a mental examination with the Public Guardian's doctor authorized the court to impose an evidence sanction or a terminating sanction pursuant to Code of Civil Procedure section 2032.410. The written order concluded: "Therefore, whether termed an evidence or a terminating sanction, [G.H.], as a consequence of his repeated non-compliance, has forsaken his right to an evidentiary hearing and the re-appointment Petition is granted based upon the physician's declarations that accompanied the Petition's filing."

3

On August 2, 2012, the court issued an order reappointing the Public Guardian as conservator of G.H.'s person. The order specified that the conservatorship would expire one year from April 15, 2012.

G.H. filed a timely appeal on March 7, 2013. On July 5, 2013, the Public Guardian filed a "Motion for Judicial Notice, Motion for Consideration of Additional Evidence Under Code of Civil Procedure Section 909, and Motion to Dismiss the Appeal." On July 22, 2013, G.H. filed a "Motion for Judicial Notice and Opposition to Respondent's Motion to Dismiss Appeal."[2]

## DISCUSSION

G.H. contends that the order reappointing the Public Guardian as conservator of his person must be reversed because it was the product of an improper sanction. Specifically, he asserts that the trial court erred in issuing a terminating sanction pursuant to Code of Civil Procedure section 2032.410[3] because there was no court order requiring him to submit to a mental examination.

The Public Guardian moves to dismiss the appeal on the ground of mootness. The Public Guardian asserts that the appeal is moot because the conservatorship that is the subject of G.H.'s appeal has expired and a new petition for reappointment of the conservator has been granted.

We will not dismiss the appeal as moot, and we will consider the merits of the appeal. Given that there was no court order requiring G.H. to submit to a mental examination, we conclude that the trial court abused its discretion in issuing a terminating

---

[2] We grant the Public Guardian's request for judicial notice, and we also grant G.H.'s request for judicial notice. We deny the Public Guardian's request to consider additional evidence.

[3] Subsequent unspecified statutory references are to the Code of Civil Procedure.

4

sanction pursuant to section 2032.410, and we will reverse the order reappointing the Public Guardian as conservator of G.H.'s person.[4]

*Mootness*

We decline to dismiss the appeal as moot. G.H.'s appeal presents a significant issue that could evade appellate review if we declined to consider it. " 'Because a conservatorship is relatively brief (one year) in comparison with the appellate process, we find it likely that this issue . . . is one capable of recurring, yet of evading review because of mootness.' " (*In re Conservatorship of Joseph W.* (2011) 199 Cal.App.4th 953, 961.) "Because procedures for reestablishment of conservatorships 'are of great public interest' and a reestablishment issue 'could perpetually evade appellate scrutiny' [citation], we exercise our discretion to consider, and address the merits of, this appeal." (*Ibid.*)

*Standard of Review*

We review the trial court's imposition of a discovery sanction under the abuse of discretion standard. (*Doe v. U.S. Swimming, Inc.* (2011) 200 Cal.App.4th 1424, 1435.) " ' "Action that transgresses the confines of the applicable principles of law is outside the scope of discretion and we call such action an 'abuse' of discretion." ' " (*Miyamoto v. Department of Motor Vehicles* (2009) 176 Cal.App.4th 1210, 1218-1219.)

*The Trial Court Abused its Discretion in Imposing the Terminating Sanction*

LPS proceedings "are civil, not criminal, and the civil trial procedural rules are the ones which apply." (*In re Conservatorship and Estate of George H.* (2008) 169 Cal.App.4th 157, 162.) Thus, we do not question the trial court's conclusion that it possessed authority, under section 2032.410, to impose a discovery sanction in an LPS

---

[4] G.H. also contends that reversal of the reappointment order is required because he was denied his due process right to a trial and his due process right to be present at the proceedings. We will not address these arguments given our conclusion that the reappointment order must be reversed due to the improper terminating sanction.

proceeding such as this one. The issue here is whether the trial court properly exercised its authority within the confines of section 2032.410.

Section 2032.410 states, in pertinent part: "If a party is required to submit to a physical or mental examination under Articles 2 (commencing with Section 2032.210) or 3 (commencing with Section 2032.310) . . . , but fails to do so, the court, on motion of the party entitled to the examination, may make those orders that are just, including the imposition of an issue sanction, an evidence sanction, or a terminating sanction . . . ." As explained below, a review of the relevant statutory provisions and the record demonstrates that G.H. was not required to submit to a mental examination, and that the trial court therefore erred in sanctioning G.H. pursuant to section 2032.410.

Section 2032.020 provides that any party "may obtain discovery . . . by means of a physical or mental examination . . . in any action in which the mental or physical condition . . . is in controversy in the action." (§ 2032.020, subd. (a).) Section 2032.310, subdivision (a) specifies that "the party shall obtain leave of court" to obtain discovery by means of a mental examination. Section 2032.310, subdivision (b) provides that a "motion for an examination under subdivision (a) shall specify the time, place, manner, conditions, scope, and nature of the examination, as well as the identity and the specialty, if any, of the person or persons who will perform the examination."

Section 2032.320, subdivision (a) states: "The court shall grant a motion for a physical or mental examination under Section 2032.310 only for good cause shown." Section 2032.320, subdivision (d) provides: "An order granting a physical or mental examination shall specify the person or persons who may perform the examination, as well as the time, place, manner, diagnostic tests and procedures, conditions, scope, and nature of the examination."

The foregoing statutory provisions establish that a party must submit to mental examination only upon court order. Here, the record shows that the trial court never

6

issued an order that required G.H. to submit to a mental examination. Indeed, the Public Guardian never even filed a motion seeking such a court order. Although the trial court ruled that G.H. need not be brought to court if he declined to submit to a mental examination, this ruling in no way constituted an order requiring G.H. to submit to a mental examination. (See § 2032.320, subd. (d) [an order granting a mental examination "shall specify . . . the time, place, manner, . . . conditions, scope, and nature of the examination, as well as the identity and the specialty, if any, of the person or persons who will perform the examination"].) Section 2032.410 specifies that the trial court may issue a sanction for failure to submit to a mental examination only if the sanctioned party is "*required* to submit to a . . . mental examination." (§ 2032.410, italics added.) Thus, because the trial court never issued an order requiring G.H. to submit to a mental examination, the trial court abused its discretion in sanctioning G.H. for his refusal to submit to a mental examination. (See generally *Lee v. Lee* (2009) 175 Cal.App.4th 1553, 1559 [in order to impose a nonmonetary sanction, "[t]here must be a failure to comply with a court order"].)

The Public Guardian contends that the improper sanction does not necessitate reversal of the order reappointing it conservator of G.H.'s person. Specifically, the Public Guardian asserts that the sanction was not a terminating sanction, but instead a mere evidence sanction that did not impact the trial court's decision to grant the reappointment petition. This argument is unpersuasive. An evidence sanction prohibits a party "from introducing designated matters in evidence." (§ 2023.030, subd. (c).) Here, the sanction did not merely prohibit G.H. from introducing particular items into evidence. Rather, the sanction terminated the matter in the Public Guardian's favor: the written sanction order specified that "[G.H.], as a consequence of his repeated non-compliance, has forsaken his right to an evidentiary hearing and the re-appointment Petition is granted." We therefore must conclude that the sanction was a terminating sanction and

not an evidence sanction. Because the trial court erroneously imposed this terminating sanction against G.H., we must reverse the order reappointing the Public Guardian as conservator of G.H.'s person.

## DISPOSITION

The order reappointing the Public Guardian as conservator of G.H.'s person is reversed.

_____
RUSHING, P.J.

WE CONCUR:

_____
PREMO, J.

_____
ELIA, J.

8

Trial Court:                                    Santa Clara County Superior Court
                                                Superior Court No.:  1-78 MH025600


Trial Judge:                                    The Honorable
                                                Thomas W. Cain


Attorneys for Defendant and Appellant           Julia Freis
G.H.:                                           under appointment by the Court
                                                of Appeal for Appellant


Attorneys for Plaintiff and Respondent          Orry P. Korb,
Santa Clara County Public Guardians Office:     County Counsel

                                                John S. Posthauer,
                                                Deputy County Counsel

                                                Mark Gonzalez,
                                                Lead Deputy County Counsel


***Santa Clara County Public Guardians Office v. G.H.***
**H038826**