Filed 3/30/16  Jamulians Against the Casino v. Dept. of Transportation CA3

# NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## THIRD APPELLATE DISTRICT

### (Sacramento)

----

| | |
|---|---|
| JAMULIANS AGAINST THE CASINO, | C077806 |
| Plaintiff and Appellant, | (Super. Ct. No. 34-2014-80001752-CU-WM-GDS) |
| v. | |
| DEPARTMENT OF TRANSPORTATION, | |
| Defendant and Respondent; | |
| JAMUL INDIAN VILLAGE, | |
| Real Party in Interest. | |

Plaintiff Jamulians Against the Casino (JAC) appeals from the judgment denying its petition for writ of administrative mandate, declaratory relief, and injunctive relief. We shall dismiss the appeal.

1

## FACTUAL AND PROCEDURAL BACKGROUND

Real party in interest Jamul Indian Village (real party)[1] entered into a compact with the State of California to operate a casino on tribal property. (Gov. Code, § 12012.25, subd. (a)(22).) The execution of this compact and any "on-reservation impacts" of "compliance with [its] terms" are projects the Legislature has declared exempt from any environmental review under state law "[i]n deference to tribal [sovereign immunity]." (Gov. Code, § 12012.25, subd. (g).) Real party nonetheless agreed as part of its compact to engage in the equivalent of state and federal environmental review, in the course of which it noted possible safety impacts from construction traffic on the state highway to which its reservation has existing access. It thus sought an encroachment permit from the Department of Transportation (Caltrans) for placing caution signs and flaggers in the right-of-way to facilitate slow-moving construction equipment entering and exiting the state highway. Caltrans issued the permit, filing a Notice of Exemption (NOE) pursuant to the California Environmental Quality Act (CEQA) (Pub. Resources Code, § 21000 et seq.; see *id.*, §§ 21108, subd. (b), 21080, subd. (b)(9) & 21084, subd. (a)),[2] with a finding that a regulatory categorical exemption from the requirements of CEQA applied (Cal. Code Regs, tit. 14, § 15305 [minor encroachment permits]).[3] It is the grant of this encroachment permit for the

---

[1] Consistent with its litigation strategy in the trial court (where it successfully moved to quash service based on sovereign immunity), real party has declined to make a general appearance in this court as a respondent, but sought leave to appear as an amicus curiae (which we granted). As it is nonetheless named as real party in interest in the mandate petition, we must include it in the caption as a nominal real party in interest on appeal.

[2] Undesignated statutory references are to the Public Resources Code.

[3] The encroachment permit under its own terms expired in December 2014. We grant Caltrans's request for judicial notice of its approval of an extension of the permit to June 2015 that it filed (along with an NOE) in November 2014, which JAC did not separately challenge. We inquired of the parties whether there had been any subsequent extensions of the permit of which we should take judicial notice. We thus take judicial notice of exhibits in the supplemental materials that the parties have provided, showing that in June

2

mitigation traffic safety measures that JAC challenged in the trial court as an impermissible application of the exemption.

## DISCUSSION

In essence, JAC contends Caltrans engaged in piecemealing of significant effects on the environment, which is precluded under CEQA.  (E.g., *Berkeley Keep Jets Over the Bay Com. v. Board of Port Cmrs.* (2001) 91 Cal.App.4th 1344, 1358.)  JAC claims Caltrans, in connection with issuing the encroachment permit, was required to consider the impacts from the construction and operation of the *casino*, as well as *proposed improvements* to the state highway to offset the traffic impacts of the operation of the casino (which Caltrans is already separately subjecting to CEQA review).[4]  JAC further contends these impacts result in "unusual circumstances" (Cal. Code Regs, tit. 14, § 15300.2(c)) that precluded Caltrans from finding that issuing the encroachment permit is categorically exempt from CEQA.

Among its arguments in opposition, Caltrans asserted the mootness of this legal challenge.  Since the only encroachment permit— based on the record before us of conditions existing at the time of its issuance—has expired, Caltrans contends the controversy before us is no longer live.  While JAC argues that the validity of the permit

2015 Caltrans approved a further extension of the encroachment permit to January 31, 2016, and filed an NOE with the Office of Planning and Research (OPR) in July 2015. Again, JAC did not challenge the extension (in their supplemental letter brief, they claim a lack of notice, though acknowledging that the NOE was available through the OPR's Web site).  In further supplementation, Caltrans has filed an exhibit (of which we take judicial notice) containing a further extension on January 8, 2016, of the expiration date to July 31, 2016.  Caltrans's counsel stated at oral argument that it did not file an NOE with OPR for this extension.

[4] We grant real party's request for judicial notice of Caltrans's circulation for comment of a draft environmental impact report (EIR) in July 2015 for proposed improvements to the state highway.

extensions rests on the validity of the original permit, Caltrans asserts this would exalt form over substance, because it simply could have issued a new permit instead of amending the existing one.

We do not need to resolve this point.  It is apparent that even if we were to consider the expired encroachment permit and credit JAC's arguments on the merits of this appeal (which assuredly we do not, for the reasons cogently stated in the trial court's ruling), this court would not be able to render any effective relief.  Were we to order Caltrans to go through the process of considering the impacts of the other projects that JAC insists should be included in the course of redeciding whether it should issue an encroachment permit during the construction period, the construction—and the traffic it generates—will continue during this review without the measures to protect motorists on the highway (which would not seem to be consistent with JAC's professed concern about "grave hazards to public safety"), as would the operation of the casino on the completion of its construction,[5] as would the ongoing EIR process for the proposals to improve the state highway to mitigate the off-reservation impacts of the operations of the casino. Other than possibly slowing the pace of construction *traffic* at the interchange (not to mention the motorists using the highway), JAC thus fails to establish that the encroachment permit is a necessary prerequisite for these other activities:  Life goes on without it.  Repeatedly asserting ipse dixit that real party "relies" on the permits to build the casino does not make it so.  That the safety measures might in some incremental way allow construction to take place more expeditiously does not have any connection with whatever impacts *the casino operations* ultimately would have on off-reservation traffic

---

[5] We note (without taking formal judicial notice) that recent local news accounts still describe the casino as opening this summer.  (E.g., <http://www.nbcsandiego.com/news/local/Tony-Gwynn-Sports-Pub-Hollywood-Casino-Jamul-SR94-San-Diego-365807341.html> [as of Mar. 30, 2016].)

4

requiring mitigation, or the effect the proposed improvements would have on the environment. Indeed, the trial court denied real party's motion to dismiss this action after quashing service exactly on the basis of an adverse judgment *not* being prejudicial to real party in any way. Resolution of the appeal thus simply represents a sterile academic exercise and should be dismissed. (*Paul v. Milk Depots, Inc.* (1964) 62 Cal.2d 129, 132.)

Without clearly identifying exactly what could be done, JAC contends Caltrans could nonetheless order modification or even remediation of the larger project. (E.g., *Bakersfield Citizens for Local Control v. City of Bakersfield* (2004) 124 Cal.App.4th 1184, 1204; *Woodward Park Homeowners Assn. v. Garreks, Inc.* (2000) 77 Cal.App.4th 880, 888.) Caltrans, however, does not have approval authority over the construction or off-road activities. (*Lexington Hills Assn. v. State of California* (1988) 200 Cal.App.3d 415, 431-433 (*Lexington Hills*) [Caltrans does not have regulatory authority over off-road activities that make use of existing highway access, so these are not part of project of issuing encroachment permit; it would be "untenable extension of CEQA" to impose environmental review duties on agency involved only with mitigation measures].) Where Caltrans *does* have approval authority (the highway improvements), it is already engaging in the EIR process.

Because nothing would be achieved if JAC prevailed on appeal, this also belies the substance of its assertion that anything beyond the use of the temporary signage and flaggers[6] is a reasonably foreseeable consequence *of granting the encroachment permit* and thus properly part of the project approval. (*Laurel Heights Improvement Assn. v. Regents of University of California* (1988) 47 Cal.3d 376, 396 [general criteria for determining scope of CEQA project]; *Banning Ranch Conservancy v. City of Newport*

---

[6] Of themselves, the flaggers and temporary signage do not have any significant impacts on the environment that JAC has ever identified, beyond calling the signs an "exclamation point" on urban intrusions in a rural area.

*Beach* (2012) 211 Cal.App.4th 1209, 1233 [actions that can take place independently not part of same project]; *Lexington Hills*, *supra*, 200 Cal.App.3d at pp. 431-433.) We agree with the trial court on this point.

We do not discern any issue involved in approving this limited encroachment permit for traffic safety measures that represents a question of law of great public interest likely to arise in other cases that would warrant the need to decide a moot appeal because it would otherwise evade review in light of the short-term nature of the permit (as JAC asserts), such as in *Conservatorship of G.H.* (2014) 227 Cal.App.4th 1435, 1439-1440 or *Conservatorship of Moore* (1986) 185 Cal.App.3d 718, 725. We shall therefore dismiss the appeal.

## DISPOSITION

The requests of Caltrans and real party for judicial notice are granted. The appeal is dismissed as moot. Respondent Caltrans is awarded its costs on appeal. (Cal. Rules of Court, rule 8.278(a)(1), (2).)


         BUTZ      , J.


We concur:


    HULL     , Acting P. J.


    DUARTE    , J.

6