Filed 1/25/22  Conservatorship of Bryan B. CA1/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIRST APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| Conservatorship of the Person of BRYAN B. | |
| PUBLIC GUARDIAN OF CONTRA COSTA COUNTY, <br><br>     Petitioner and Respondent, <br><br> v. <br><br> BRYAN B., <br><br>     Objector and Appellant. | A160472 <br><br> (Contra Costa County Super. Ct. No. P2000426) |

### MEMORANDUM OPINION[1]

Bryan B. appeals a trial court order establishing a one-year conservatorship over his person under the Lanterman-Petris-Short Act (LPS Act, Welf. & Inst. Code, § 5000 et seq.) and imposing special disabilities.  We dismiss the appeal as moot.

In April 2020, the Public Guardian of Contra Costa County (Public Guardian) filed a petition for appointment of a conservator under the LPS Act.  The petition alleged Bryan was gravely disabled as a result of a mental

---

[1] We resolve this case by memorandum opinion pursuant to California Standards of Judicial Administration, section 8.1, reciting only those facts necessary to resolve the issue raised.

disorder and sought imposition of special disabilities. Bryan waived his right to a jury trial.

At a July 2020 court trial, psychiatrist Michael Levin, M.D., testified Bryan suffered from schizophrenia; the trial court admitted several exhibits, including Bryan's state hospital records. At the conclusion of trial, the court found, beyond a reasonable doubt, that Bryan was gravely disabled as a result of a mental disorder. The court granted the petition, appointed the Public Guardian as conservator of Bryan's person for a one-year period, and imposed special disabilities. Bryan appealed. His attorney sought multiple extensions of time to file his opening and reply briefs, totaling more than 150 days. In October 2021 — shortly before briefing on appeal was complete — the Public Guardian successfully petitioned for a one-year renewal of the conservatorship.

The Public Guardian has moved to dismiss, arguing the reappointment order renders the present appeal moot.[2] It is the duty of an appellate court "to decide ' " 'actual controversies by a judgment which can be carried into effect, and not to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it.' " ' " (*In re David B.* (2017) 12 Cal.App.5th 633, 644.) "When a challenged conservatorship has ended, the appeal of that conservatorship is 'technically moot.' " (*Conservatorship of C.O.* (2021) 71 Cal.App.5th 894, 903; *Conservatorship of David L.* (2008) 164 Cal.App.4th

---

[2] We grant the Public Guardian's unopposed request for judicial notice of the October 2021 reappointment order and of a summary of the docket in Bryan's appeal from that order. (Evid. Code, §§ 452, subd. (d), 459, subd. (a); *In re Karen G.* (2004) 121 Cal.App.4th 1384, 1390 [appellate court has the authority to consider "subsequent proceedings . . . and find the appeal has been rendered moot"].)

701, 709.)  The Public Guardian is correct.  The initial conservatorship period has expired, and the trial court has renewed the conservatorship for another one-year period.  Thus, a reversal of the July 2020 order would have neither practical effect, nor any bearing on the reappointment order.  (See *Conservatorship of K.P.* (2021) 11 Cal.5th 695, 709–710; *Conservatorship of G.H.* (2014) 227 Cal.App.4th 1435, 1439.)

Bryan acknowledges the appeal is moot.  He nevertheless urges us to exercise our discretion to consider the merits of one argument he raised on appeal — the admissibility of hearsay evidence admitted at the July 2020 trial — reasoning the issue is of broad public interest that is likely to recur. (See *In re David B.*, *supra*, 12 Cal.App.5th at p. 644.)  We disagree.  The propriety of a trial court's evidentiary ruling is inherently fact-driven, and Bryan has not persuasively argued the same evidentiary issue will arise in another conservatorship proceeding brought on a different factual record. (*Id.* at p. 654 [declining to exercise jurisdiction to address "fact-specific questions" in moot appeal]; *MHC Operating Limited Partnership v. City of San Jose* (2003) 106 Cal.App.4th 204, 215 [issues presented were "factual in nature" and required "resolution on case-by-case basis"].)

We decline to reach the merits of Bryan's moot appeal.

## DISPOSITION

The appeal is dismissed.

_____

Rodríguez, J.

WE CONCUR:


_____

Fujisaki, Acting P. J.


_____

Petrou, J.


A160472