Filed 1/18/22  Conservatorship of S.I. CA2/6

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SIX

| | |
|---|---|
| Conservatorship of the Person of S.I. | 2d Civil No. B311249 (Super. Ct. No. 17PR-0324) (San Luis Obispo County) |
| PUBLIC GUARDIAN OF COUNTY OF SAN LUIS OBISPO, as Conservator, etc. Petitioner and Respondent, v. S.I., Objector and Appellant. | |

S.I. appeals from the trial court's reappointment of the Public Guardian as his conservator pursuant to the Lanterman-Petris-Short (LPS) Act.  (Welf. & Inst. Code,[1] § 5000

_____

[1] Statutory references are to the Welfare and Institutions Code.

et seq.)  He contends the court erred when it:  (1) denied his request for a jury trial, (2) failed to hold his conservatorship proceedings in a timely manner, (3) extended his conservatorship beyond one year, and (4) limited his right to contract.  We modify the length of S.I.'s conservatorship, and otherwise affirm.

FACTUAL AND PROCEDURAL HISTORY

On October 29, 2020, the Public Guardian petitioned the trial court for a one-year extension of S.I.'s conservatorship, which was set to terminate on December 13.  A hearing on the petition was set for December 3.  San Luis Obispo County officials failed to transport S.I. to the hearing, however, and said that it would not be possible for him to attend that day since they neglected to coordinate with the facility where S.I. lived.  S.I.'s counsel then requested to continue the matter to December 17.  He also relayed S.I.'s request to be personally present for all proceedings and for a jury trial.  The court continued the matter to December 17.

The December 17 hearing was held remotely.  The trial court acknowledged S.I.'s requests for a jury trial and to be personally present at all proceedings, but said that it wanted to consider the health and safety risks associated with those requests before setting the matter for trial.  Counsel objected that holding a hearing on S.I.'s requests violated his right to a jury trial.  The court overruled the objection and found good cause for a continuance.  It set the evidentiary hearing for January 15, 2021.

At the conclusion of the January 15 hearing, the trial court determined that it could not set S.I.'s case for a jury trial any sooner than March due to the risks and protocols associated with the COVID-19 pandemic.  S.I. asked if a court trial could occur sooner.  Assured that it could, S.I. requested a court trial.

2

He then waived his right to a jury trial, and the court set the matter for a February trial.

At the February 24 trial, Dr. Rose Drago testified that she had known S.I. for more than 10 years. Prior to trial she reviewed a declaration from S.I.'s doctors, the Public Guardian's investigative report, and records from several of S.I.'s facilities. She also interviewed S.I. She testified that S.I. suffers from schizoaffective disorder, bipolar type, a disorder that renders him gravely disabled.

During Dr. Drago's meeting with S.I., he was pressured in his speech and appeared to be delusional and paranoid at times. He acknowledged his need for medication but often refused to take it. He recognized that he had a "mild" mental illness, but would not tell Dr. Drago his plans for self-care, claiming they were "private."

Dr. Drago testified that S.I. had lived at five facilities during the previous year, and moved to his current facility after refusing to take his medications at another one. A sober living ranch where S.I. had lived previously was not a viable option because it could not ensure compliance with his medication regimen. In Dr. Drago's opinion, a board and care facility was the lowest-security facility in which S.I. would be able to live safely.

Dr. Drago opined that S.I. was incapable of making medical decisions related to his mental disorder, incapable of safely operating a motor vehicle, and would be a danger to himself or others if he possessed a firearm or other dangerous weapon. Regarding whether he could enter into contracts in excess of $50, Dr. Drago said that S.I. was guarded and complained about not getting enough money. But it was not clear

to her that he had a sense of how much money he had to work with.

Dr. Matthew Neal Lilly testified that he has been S.I.'s primary psychiatrist since 2018. He meets with S.I. monthly. Dr. Lilly said that he does not believe S.I. is able to engage in a complex conversation about his medications or the symptoms they treat. S.I. is somewhat inconsistent with his medication regimen, and has refused medication within the past year. Dr. Lilly believed that the Public Guardian should be reappointed so S.I.'s compliance with his medication regimen can be supervised.

Peter Kehoe, a licensed family therapist, testified that S.I. has been his client for two and half years, participating in individual therapy once a week. Kehoe said that S.I. is committed to his medication and therapy. He did not believe that S.I. should be removed from his conservatorship, however.

During his testimony, S.I. acknowledged that he has a mental disorder and that he needs medication. He said that he wanted to be released from his conservatorship, but if that were not possible then he wanted to return to the sober living ranch where he lived previously. Monthly rent there was $550, and he would pay someone there $10 or $15 per month to ensure he was given his medications. S.I. did not know if his Social Security would cover those costs, however, and did not know if there was space available for him at the ranch.

Lisa Niesen, a deputy public guardian, testified that her office did not want to transition S.I. to a lower level of care at that time, but would work with him toward that goal. S.I. had been in several placements during the previous year—including a locked facility—and had left twice without permission. He needs

4

a supervised medication regimen, but the sober living ranch did not provide such supervision.

At the conclusion of testimony, the trial court determined that S.I. was gravely disabled and reappointed the Public Guardian as his conservator for the one-year period ending February 23, 2022. The court also determined that the licensed board and care facility where S.I. lived provided the appropriate level of care. It ordered that S.I. could not refuse medical treatment related to his mental disorder, could not own or possess a weapon or firearm, could not have a license to operate a motor vehicle, and could not enter into contracts in excess of $100.

## DISCUSSION

### Jury trial

S.I. first contends the trial court erred when it denied his request for a jury trial. But at the January 2021 hearing, S.I. waived his right to a jury trial and requested a court trial. He now asserts, without analysis, that the trial court erred when it concluded that his waiver was knowing and voluntary. Such a conclusory assertion fails. (*In re S.C.* (2006) 138 Cal.App.4th 396, 408.) "One cannot simply say the [trial] court erred and leave it up to the appellate court to figure out why. [Citation.]" (*Niko v. Foreman* (2006) 144 Cal.App.4th 344, 368.)[2]

---

[2] Although S.I. has forfeited his contention, we note that our colleagues in Division 7 recently concluded that a conservatee was not improperly induced into waiving her right to a jury trial when faced with a nine-month delay due to the COVID-19 pandemic. (*Conservatorship of Joanne R.* (2021) 72 Cal.App.5th 1009, 1019-1020.)

*Timely proceedings*

A hearing on a reappointment petition must occur within 30 days of the filing of the petition. (§ 5365.) The Public Guardian filed its petition to be reappointed as S.I.'s conservator on October 29, 2020. The hearing on the petition was held on December 3, or 35 days after the petition was filed. S.I. contends this was error.

But S.I. did not object to the hearing date during the proceedings below. His contention is accordingly forfeited. (*In re S.B.* (2004) 32 Cal.4th 1287, 1293.) And even if it weren't, we note that 30 days after the Public Guardian filed the reappointment petition was Saturday, November 28, so the 30-day deadline would have extended to the following Monday, November 30. The initial hearing on the petition occurred the following Thursday, December 3. S.I. has not shown that that three-day delay prejudiced him. Indeed, it would be difficult to make such a showing given that at that hearing it was counsel for S.I.—not the Public Guardian or the trial court—who suggested that the matter be continued for 14 days. S.I. cannot claim prejudice from his own request.[3] (*Conservatorship of Joseph W.* (2011) 199 Cal.App.4th 953, 968-969.)

*Length of conservatorship*

Next, S.I. contends, and the Public Guardian concedes, that the trial court erred when it extended his conservatorship to February 23, 2022. We agree.

---

[3] We deny the Public Guardian's request for judicial notice of the San Luis Obispo County Superior Court's calendar because it is unnecessary to our resolution of this contention. (*Adams v. Bank of America, N.A.* (2020) 51 Cal.App.5th 666, 674, fn. 4.)

LPS conservatorships "automatically terminate one year after the appointment of the conservator." (§ 5361.) If upon that termination "the conservator determines that conservatorship is still required, [they] may petition . . . for . . . reappointment . . . for *a succeeding one-year period*." (*Ibid.*, italics added.) This requires a reappointment to terminate on the anniversary of the termination of the previous conservatorship. (*People v. Nolasco* (2021) 67 Cal.App.5th 209, 219.) Here, however, the trial court reappointed the Public Guardian as S.I.'s conservator for one year from the conclusion of trial, to February 23, 2022. Pursuant to section 5361, the court should have reappointed the conservator until December 13, 2021.

*Right to contract*

Finally, S.I. contends the trial court's order limiting his right to contract was not supported by substantial evidence. Given our conclusion that the order reappointing the Public Guardian as S.I.'s conservator has now expired, this contention is moot.

DISPOSITION

The matter is remanded to the trial court with directions to modify the termination date of the Public Guardian's reappointment as S.I.'s conservator from February 23, 2022, to December 13, 2021. In all other respects, the judgment is affirmed.

NOT TO BE PUBLISHED.

TANGEMAN, J.

We concur:

GILBERT, P. J.                    PERREN, J.

7

Linda D. Hurst, Judge

Superior Court County of San Luis Obispo

_____

Jean Matulis, under appointment by the Court of Appeal, for Objector and Appellant.

Rita L. Neal, County Counsel, Chelsea K. Kuhns, Deputy County Counsel, for Petitioner and Respondent.