Filed 8/23/24  Conservatorship of the Person of Lateasa G. CA2/7

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SEVEN

| | |
|---|---|
| Conservatorship of the Person of LATEASA G. | B333562 (Los Angeles County Super. Ct. No. 23NWMH00253) |
| Public Guardian of County of Los Angeles County, as Conservator, etc., | |
| Petitioner, Respondent, and Real Party in Interest, | |
| v. | |
| LATEASA G., | |
| Objector and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Scott R. Herin, Judge.  Dismissed.

Christian C. Buckley, under appointment by the Court of Appeal, for Objector and Appellant.

Dawyn R. Harrison, County Counsel, Laura Quinonez, Assistant County Counsel, and William C. Sias, Senior Deputy County Counsel, for Petitioner and Respondent.

_____

Lateasa G. is a conservatee subject to a conservatorship under the Lanterman-Petris-Short (LPS) Act (Welf. & Inst. Code,[1] § 5000 et seq.).  Lateasa contends the trial court failed to advise her of her right to a jury trial before taking her personal waiver of the right in violation of Probate Code section 1828, subdivision (a)(6).  The Los Angeles County Office of the Public Guardian (Public Guardian) does not dispute that the superior court failed to provide an adequate jury trial advisement, but it argues any error was harmless because substantial evidence shows that Lateasa did not have the capacity to make a knowing and intelligent waiver of her right to a jury trial.

On August 7, 2024, while this appeal was pending, the appointed conservator (then Kerri Otis) filed a petition for reappointment.  The one-year conservatorship was scheduled to expire on August 10, 2024.  We requested the parties submit supplemental briefing on whether termination of the conservatorship rendered this appeal moot.  Lateasa's attorney submitted a letter brief stating termination of the conservatorship would render the appeal moot, and further, there are no unsettled legal issues for which we should exercise our discretion to review.  We agree that we can no longer grant

_____

[1]     Further undesignated statutory references are to the Welfare and Institutions Code.

Lateasa effective relief given that Lateasa will have an opportunity to have a jury trial (and a proper advisement) before the conservator is reappointed and there are no factors that support our exercise of discretion to consider the appeal. We dismiss the appeal as moot.

## FACTUAL AND PROCEDURAL BACKGROUND

A. *Appointment of the Conservator*

On May 18, 2023 the Public Guardian filed a petition under sections 5008, subdivision (h)(1)(A), and 5350 through 5368 to be appointed as the conservator of Lateasa's person and estate. On June 12, 2023 the superior court held an initial hearing on the petition, and the matter was set for trial on August 11, 2023. At the June 12 hearing, the following colloquy took place:

"The court: Thank you. Good morning, Miss [G.].

"Lateasa G.: Good morning. [¶]. . . [¶]

"Counsel for Lateasa G.: So Miss [G.] would like a court trial. I would like to ask the court to appoint Dr. D'Iingillo.

"The court: All right. Court appoints Dr. Pietro D'Ingillo confidentially to report on grave disability. . . . [¶] . . . [¶] And court orders transportation and sets the matter for court trial on August 10, 2023, 1:30 p.m. Transportation is ordered.

"Miss [G.], did you have any questions for me?

"Lateasa G.: No. It's just that I just wanted to have a trial by jury. Can I speak for myself?

3

"Counsel for Lateasa G.: You can tell the judge something right now, but we are going to have a court trial in front of the judge. That's what you want, right?

"Lateasa G.: Is that who he is?

"Counsel for Lateasa G.: This is the judge (indicating).

"The court: Probably. There's always a chance I might have the day off, but I am usually here.

"Lateasa G.: Okay. Is that August 10th?

"The court: Yes, ma'am.

"Counsel for Lateasa G.: August 10th at 1:30.

"Lateasa G.: So how am I going to get back down here?

"The court: I am arranging transportation for you.

"Lateasa G.: Okay.

"The court: So is that okay with you?

"Lateasa G.: That's fine.

[¶]. . . [¶]

"The court: . . . . See you on August 10th. Nice to see you.

"Lateasa G.: Okay. Thank you, judge.

"The court: Oh, Miss [G.], I didn't say this out loud. So you would agree to have a court trial and not a jury trial; is that correct?

"Lateasa G.: Yes, court trial, not jury.

"The court: Jury trial waiver is taken."

On August 10 Lateasa appeared remotely for trial, with her attorney appearing in person. At the outset of the hearing, the superior court stated, "We are here for a court trial. Jury trial waiver was previously taken." The court then inquired whether Lateasa preferred a closed or private hearing, and she responded that she preferred a private hearing. The court proceeded with a confidential proceeding.

At the court trial, Lateasa's treating psychiatrist, Viet Nguyen, M.D., testified that he diagnosed Lateasa with schizophrenia, and she had delusions and an inability to differentiate between reality and non-reality. As a result, she could not provide for her own food, clothing, and shelter. Dr. Nguyen opined that Lateasa was gravely disabled. Further, Lateasa had been prescribed psychiatric medications, but Dr. Nguyen did not believe she would take them voluntarily because she did not believe she had a mental illness. Therefore, Dr. Nguyen stated, Lateasa needed to receive treatment and rehabilitation in a residential treatment facility. Lateasa testified that she was married, did not need to see a doctor, and had talked to the judge when he came to her house. When the court inquired as to why she did not need a conservator, Lateasa responded that they robbed and harassed her at work.

After hearing argument from counsel, the superior court granted the petition and appointed Public Guardian as the conservator over Lateasa's person. The court explained that based on the testimony of Dr. Nguyen and Lateasa, Lateasa had a delusion that she was employed and had a home, although she was homeless.

The superior court expressed its concern that because of Lateasa's mental illness, she would not be able to provide her

5

own food, clothing, and shelter. The court therefore found beyond a reasonable doubt that Lateasa was gravely disabled.

B.    *August 2024 Petition for Reappointment of Conservator*

On August 5, 2024, in advance of the August 10 date for termination of the conservatorship, Kerri Otis, as the conservator, filed a petition for reappointment as the conservator for Lateasa. The conservator provided notice of a hearing on the petition scheduled for August 28, 2024.[2]

## DISCUSSION

A.    *The LPS Act*

"The LPS Act governs the involuntary detention, evaluation, and treatment of persons who, as a result of mental disorder, are dangerous or gravely disabled. (§ 5150 et seq.) The Act authorizes the superior court to appoint a conservator of the person for one who is determined to be gravely disabled (§ 5350 et seq.), so that he or she may receive individualized treatment, supervision, and placement (§ 5350.1)." (*Conservatorship of John L.* (2010) 48 Cal.4th 131, 142 (*John L.*); accord, *Conservatorship of Jose B.* (2020) 50 Cal.App.5th 963, 969-970.) "As defined by the Act, a person is 'gravely disabled' if, as a result of a mental disorder, the person 'is unable to provide for his or her basic personal needs for food, clothing, or shelter." (§ 5008, subd. (h)(1)(A).)" (*John L.*, at p. 142; accord, *Jose B.*, at p. 970.)

---

[2]    We augment the record with the August 5, 2024 petition for reappointment of conservator and notice of hearing. (Cal. Rules of Court, rule 8.155(a)(1)(A).)

6

An LPS conservatorship automatically terminates after one year, and the conservator may seek reappointment by filing a petition. (§ 5361.)  A proposed conservatee has a right to a jury trial upon demand at the establishment and annual renewal of a conservatorship.  (*Conservatorship of Ben C.* (2007) 40 Cal.4th 529, 541-542; *Conservatorship of Joanne R.* (2021) 72 Cal.App.5th 1009, 1016 (*Joanne R.*); see § 5350, subd. (d).)

B.      *Jury Trial Waivers Under the LPS Act*
        "'LPS commitment proceedings require the court to obtain a personal waiver of the right to a jury trial from the proposed conservatee.'"  (*Joanne R., supra*, 72 Cal.App.5th at p. 1016; see *Conservatorship of Heather W.* (2016) 245 Cal.App.4th 378, 383; Prob. Code, § 1828, subd. (a)(6).)  Further, Probate Code section 1828, subdivision (a)(6), which is incorporated into the LPS Act by Welfare and Institutions Code section 5350, requires the trial court to inform the proposed conservatee of his or her right to a jury trial.  (*People v. Washington* (2021) 72 Cal.App.5th 453, 468.)
        Generally, with respect to civil commitments, the failure of a court to obtain a valid jury trial waiver where required by statute "denies the defendant his or her statutory right to a jury trial," and is a "'miscarriage of justice' within the meaning of article VI, section 13 [of the California Constitution] [that] requires reversal without inquiry into the strength of the evidence in a particular case."  (*People v. Blackburn* (2015) 61 Cal.4th 1113, 1132-1133 [failure to obtain valid jury trial waiver from mentally disordered offender in civil commitment proceeding was reversible error]; accord, *People v. Tran* (2015) 61 Cal.4th 1160, 1169 [trial court's acceptance of invalid jury trial

waiver in commitment proceeding for defendant who pleaded not guilty by reason of insanity "is not susceptible to ordinary harmless error analysis and automatically requires reversal"]; *Heather W., supra*, 245 Cal.App.4th at pp. 384-385 [trial court's failure to advise LPS conservatee of her right to a jury trial and to obtain personal waiver of that right was reversible error]; *Conservatorship of Kevin A.* (2015) 240 Cal.App.4th 1241, 1253 [reversing conservatorship order where trial court erred in accepting counsel's waiver of LPS conservatee's right to jury trial over conservatee's objection]; but see *Conservatorship of C.O.* (2021) 71 Cal.App.5th 894, 917-919 [trial court's failure to personally advise proposed conservatee of his right to a jury trial was harmless error under *People v. Watson* (1956) 46 Cal.2d 818, 836 because the evidence showed conservatee was gravely disabled at the time of trial and there was no evidence he would have elected to have a jury trial had he been personally advised of his right].)

C.    *Lateasa's Appeal Is Moot*

On appeal, Lateasa contends the superior court erred in failing to advise her of her right to a jury trial before taking her personal waiver of that right, requiring reversal.  In its respondent's brief, Public Guardian concedes the superior court erred, but it argues the error was harmless because Lateasa lacked the capacity to understand and waive her right to a jury trial.  As discussed, the current conservator has now filed a petition for reappointment as the conservator for Lateasa, and

8

the initial one-year conservatorship has expired.[3]  The conservator gave notice of a hearing on the petition set for August 28, 2024.  We agree with Lateasa's position in her supplemental letter brief that her appeal has been rendered moot by the expiration of the conservatorship because she will have a right to a jury trial (and advisement of that right) with respect to a hearing on the pending petition to reappoint the conservator.  As Lateasa explains, "The facts of this case are not unique and there is no need for additional published authority on the subject."

"A court is tasked with the duty "'to decide actual controversies by a judgment which can be carried into effect, and not to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it.""'  (*In re D.P.* (2023) 14 Cal.5th 266, 276.)  "A case becomes moot when events "'render[] it impossible for [a] court, if it should decide the case in favor of plaintiff, to grant [the plaintiff] any effect[ive] relief.'"  [Citation.]  For relief to be 'effective,' two requirements must be met.  First, the plaintiff must complain of an ongoing harm.  Second, the harm must be redressable or capable of being rectified by the outcome the plaintiff seeks."  (*Id.* at p. 276.)  An appeal from appointment of a conservator becomes moot if the conservatorship expires prior to resolution of the appeal.  (See *John L., supra*, 48 Cal.4th 131 at p. 142, fn. 2; *Conservatorship of K.Y.* (2024) 100 Cal.App.5th 985, 988 [appeal of conservatorship

---

[3]  We assume that the conservatorship has been extended pending reappointment of the conservator, but we do not have a record of an extension.

appointment was moot where conservatorship expired more than three months prior to issuance of opinion].)

However, even where an appeal is moot, "courts may exercise their 'inherent discretion' to reach the merits of the dispute." (*In re D.P.*, *supra,* 14 Cal.5th at p. 282.)  The Supreme Court in *D.P.* explained that reviewing courts will generally exercise their discretion when the case presents an issue of broad public interest that is likely to recur, there may be a recurrence of the controversy between the parties, or a material question remains for the court to determine.  (*Ibid.*; see *John L., supra*, 48 Cal.4th at p. 142, fn. 2 [exercising discretion to consider whether, despite expiration of conservatorship, the superior court violated the conservatee's constitutional rights by holding a conservatorship hearing in his absence, explaining the appeal "'raises important issues that are capable of repetition but likely to evade review'"]; *Conservatorship of Joseph W.* (2011) 199 Cal.App.4th 953, 960 [exercising discretion to consider appeal of conservatorship order where conservatee argued denial of right to jury trial]; cf. *Conservatorship of K.Y., supra*, 100 Cal.App.5th at pp. 989, 991 [acknowledging court's discretion to resolve moot appeal but dismissing appeal because conservatee had accepted reappointment of conservator].)

We recognize that appeals of conservator appointments often may become moot given the one-year length of conservatorships.  However, we agree with Lateasa that in this case there is no important issue that is likely to evade review because the LPS Act specifically requires the superior court to advise the proposed conservatee of his or her right to a jury trial. (Prob. Code, § 1828, subd. (a)(6); *Conservatorship of Heather W., supra*, 245 Cal.App.4th at pp. 383-384.)  Public Guardian urges

10

us to exercise our discretion to consider this appeal to address whether the superior court's failure to follow its statutory obligation to advise a proposed conservatee of her right to a jury trial before taking a personal waiver is subject to review for harmless error. We decline to exercise our discretion because, as Lateasa argues, under similar circumstances the Supreme Court and all but one Court of Appeal have held that the failure of a court in a commitment proceeding to obtain a valid jury trial waiver where mandated by statute requires automatic reversal. (*People v. Tran, supra*, 61 Cal.4th at p. 1169; *People v. Blackburn, supra*, 61 Cal.4th at pp. 1132-1133; *Joanne R., supra*, 72 Cal.App.5th at pp. 1016-1017; *Conservatorship of Kevin A., supra*, 240 Cal.App.4th at p. 1253.)[4]

---

[4] The only appellate court to apply harmless error review to a failure to advise a proposed conservatee of his or her right to a jury trial in an LPS proceeding is the Sixth District in its decision in *Conservatorship of C.O., supra*, 71 Cal.App.5th at pages 917 to 919. As discussed, the weight of the authority is to the contrary, and we concluded in *Joanne R., supra*, 72 Cal.App.5th at pages 1016 to 1017 that the Supreme Court holdings in *People v. Tran, supra*, 61 Cal.4th at page 1169 and *People v. Blackburn, supra*, 61 Cal.4th at pages 1132 to 1133 apply to LPS proceedings. We see no reason to depart from our reasoning in *Joanne R.*

11

## DISPOSITION

We dismiss the appeal as moot.


FEUER, J.

We concur:



MARTINEZ P. J.



SEGAL, J.