Filed 8/29/19

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| Conservatorship of the Person and Estate of M.M. | B293676 |
| LOS ANGELES COUNTY OFFICE OF THE PUBLIC GUARDIAN, as Conservator, etc., | (Los Angeles County Super. Ct. No. ZE042882) |
| Petitioner and Respondent, | |
| v. | |
| M.M., | |
| Objector and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Robert S. Harrison, Judge. Affirmed.

Rudy Kraft, under appointment by the Court of Appeal, for Objector and Appellant.

Mary C. Wickham, County Counsel, Rosanne Wong, Assistant County Counsel, and William C. Sias, Senior Deputy County Counsel, for Petitioner and Respondent.

\* \* \* \* \* \* \* \* \* \*

M.M. appeals the appointment of a conservator under the Lanterman-Petris-Short Act (LPS) (Welf. & Inst. Code, § 5000 et seq.) after a jury found him to be gravely disabled due to a mental disorder.  He does not challenge the jury's verdict or claim any error in the trial proceedings that led to his conservatorship.  His only claim on appeal is the trial court denied his right to begin a jury trial within 25 days of his jury trial demand.  Instead, his trial began 61 days after his demand.  He asks us to order his conservatorship expires 36 days earlier than the date the trial court ordered (61 -- 25 = 36), a remedy for which he provides no authority in the law.  M.M. has forfeited the contention because for the most part the delay in beginning trial was due to his own counsel's requests for a confidential expert report and to continue the trial to accommodate counsel's schedule.  We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

On July 26, 2018, the Los Angeles County Office of the Public Guardian filed a petition for the appointment of a conservator of the person and estate for M.M.  Two doctors declared in support of the petition that M.M. had a diagnosis of schizophrenia and psychotic disorders, was unwilling to accept voluntary treatment, and a conservatorship was required because M.M is unable and unwilling to provide for his personal needs for food, clothing, and shelter.  M.M. had previously been under a conservatorship due to his mental health issues.  This time, M.M. had been admitted to the hospital after he lost consciousness on a bus.  He had a history of diabetes and high blood pressure.  M.M. denied he has these conditions and refused medical treatment, even though his blood pressure was "dangerously high."

M.M. denied any mental illness, claiming his identity had been stolen.  He refused psychotropic medications and refused to speak with the psychiatric treatment team.  He had only vague

plans to care for himself, claiming he would travel "back east" or to his home in Las Vegas. He had made similar claims during a prior psychiatric hospitalization, but was readmitted to a psychiatric facility soon after his discharge.

On July 27, the trial court appointed the Public Guardian as the temporary conservator, and temporary letters of conservatorship issued that same day.

An initial hearing on the petition was set for August 13, but the hearing was continued until August 16 because M.M. had not been transported to court.

On August 16, M.M. demanded a jury trial. His lawyer requested a trial setting conference in four weeks when his trial counsel was available to make an appearance on behalf of M.M. M.M.'s counsel also asked that an Evidence Code section 730 expert be appointed to evaluate M.M. The court granted these requests.

At the September 17 trial setting conference, M.M.'s counsel announced ready for trial. When counsel was advised the judge assigned to handle M.M.'s case was not available until October 1, M.M.'s counsel agreed to an October 1 trial date, with a readiness hearing on September 27.

On September 27, M.M.'s trial counsel was not available because he had jury duty. Counsel requested and was granted a continuance of the trial to October 15.

The case was called for trial on October 15, but the trial was continued to the following day because the jury panel saw M.M. in restraints, and a new panel had to be ordered. At trial, M.M.'s treating psychiatrist testified M.M. suffers from schizophrenia, experiencing hallucinations, delusions, and paranoia, and he engages in aggressive behavior. The psychiatrist testified M.M. denied any mental illness or other health problems, though he

3

suffers from serious conditions that he is unable and unwilling to treat due to his mental illness.

M.M. testified he does not have any mental health issues, high blood pressure, or diabetes. He testified he suffers from hypoglycemia and must keep his blood sugar high. His testimony was at times coherent, and at other times rambling and nonsensical. The jury found M.M. to be gravely disabled. The trial court ordered the conservatorship would terminate on October 18, 2019.

## DISCUSSION

The LPS Act permits the appointment of a conservator for up to a period of one year for a person determined to be gravely disabled within the meaning of the Act. (Welf. & Inst. Code, §§ 5350, 5361.) The Act provides that the person who is the subject of the petition has the right to demand a jury trial on the issue of grave disability. "Demand for court or jury trial shall be made within five days following the hearing on the conservatorship petition. . . . [¶] [T]rial shall commence within 10 days of the date of the demand, except that the court shall continue the trial date for a period not to exceed 15 days upon the request of counsel for the proposed conservatee." (§ 5350, subd. (d)(1) & (2); *Conservatorship of Kevin M.* (1996) 49 Cal.App.4th 79, 84 (*Kevin M.*).)

M.M. argues he had a right to have his trial commence within 25 days of his August 16 demand, or by not later than September 10, and since he would have received "the same three day proceeding that he received when his trial actually occurred on October 16," his conservatorship would have terminated by September 12, 2019 (instead of October 18, 2019). (Welf. & Inst. Code, § 5350, subd. (d)(2).) M.M. asks us to order the trial court to change the expiration date of the conservatorship to September 12, 2019. M.M. does not challenge the finding that he

4

was gravely disabled, or claim that an earlier trial would have led to a different result.

We reject M.M.'s claim of error because Welfare and Institutions Code section 5350's time limitations are not mandatory, and M.M. forfeited any objection to the claimed error.

In *Conservatorship of James M.* (1994) 30 Cal.App.4th 293 (*James M.*), the court held the time limitations set forth in Welfare and Institutions Code section 5350, subdivision (d) are not mandatory, but directory. (*James M.*, at pp. 298-299.) The court found that unless the Legislature clearly expresses a contrary intent, statutory time requirements are generally directory. Section 5350, subdivision (d) provides no consequence for the failure to begin trial within the statutory period. The court declined to divest the trial court of jurisdiction by implication in the absence of an express statutory command. The court found a conservatee's interest in prompt resolution of the case is adequately protected by the trial court's power to dismiss the petition where the delay is shown to be prejudicial. (*James M.*, at pp. 298-299.)

M.M. acknowledges the trial court here never lost jurisdiction, but argues courts "cannot freely ignore . . . statutory deadlines," and that the remedy is to limit the term of the conservatorship to what it would have been if the trial had started earlier. M.M. relies on *Kevin M.*, *supra*, 49 Cal.App.4th 79, which held a conservatee loses the right to a jury trial if the demand is not made within the five days provided in Welfare and Institutions Code section 5350, but the trial court is not divested of jurisdiction to set a trial upon an untimely demand. *Kevin M.* found the trial court did not err in granting a jury trial demand even though it was made months after the five days expired. (*Kevin M.,* at pp. 89, 91.)

We see no reason to depart from *James M.*, and do not see how *Kevin M.* is helpful in this case. M.M.'s interest in the prompt

5

resolution of his case was adequately safeguarded.  He received a jury trial, apparently acknowledges he received a fair trial, and does not assert error in the jury finding he was gravely disabled or in the court appointing a conservator.  His only complaint is the conservatorship would have ended 36 days earlier if his trial had started on September 10 instead of October 16.

M.M. has forfeited any claim of error.  M.M. never once complained to the trial court that his speedy trial rights were violated.  The initial trial setting and later continuances were largely at the request of *his* counsel due to counsel's unavailability, and the need for an expert report.  On the day M.M. demanded a jury trial, counsel asked that it be set four weeks out to accommodate the schedule of the lawyer assigned to try the case, thereby impliedly waiving the right to a trial within the statutory period.  When he was told on the first trial date the judge assigned to the case was not available, M.M.'s counsel agreed to a continuance to a date when the assigned judge was available.  On that date, M.M.'s trial counsel was not available, and the court granted counsel's request for another continuance.  M.M. may not seek an appellate remedy for a trial that was scheduled with his consent to accommodate his counsel. (*Kevin M.*, *supra*, 49 Cal.App.4th at pp. 92-93 [waiver of objection to setting trial on untimely demand]; see also *Conservatorship of Joseph W.* (2011) 199 Cal.App.4th 953, 967 [waiver or forfeiture of right to jury trial where conservatee failed to object to, appeared at and participated in court trial].)

**DISPOSITION**

The order is affirmed.

GRIMES, Acting P. J.

WE CONCUR:

STRATTON, J.

WILEY, J.

7