Filed 1/29/25  Conservatorship of M.M. CA1/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION TWO

|  |  |
|---|---|
| Conservatorship of the Person of M.M. | |
| PUBLIC GUARDIAN OF CONTRA COSTA COUNTY,<br><br>        Petitioner and Respondent,<br><br>v.<br><br>M.M.,<br><br>        Objector and Appellant. | A168826<br><br>(Contra Costa County<br> Super. Ct. No. P23-00325) |

**MEMORANDUM OPINION**[1]

M.M. appeals from an order granting the petition of the Public Guardian of Contra Costa County (Public Guardian) to establish a conservatorship for a one-year period under the Lanterman-Petris-Short Act (Welf. & Inst. Code, §§ 5000 et seq.; LPS Act).[2]  Because the conservatorship

_____

[1] We recite only the facts relevant to the issues raised by M.M.  (Cal. Stds. Jud. Admin., § 8.1; Ct. App., First Dist., Local Rules of Ct., rule 19, Abbreviated Opinions.)

[2] Further undesignated statutory references are to the Welfare and Institutions Code.

1

expired in September 2024, and because no exception to the mootness doctrine applies, we dismiss the appeal as moot.

## BACKGROUND

On February 28, 2023, the Public Guardian filed a petition for appointment of a conservator and temporary conservator over M.M.'s person, asserting that M.M. was "gravely disabled" within the meaning of the LPS Act. The court appointed a temporary conservator and issued a citation for a March 22, 2023 hearing on the petition. At the March 22 hearing, M.M., represented by the Contra Costa County Public Defender's Office, demanded a jury trial,[3] which the court set for April 24, 2023.

On April 24, the Public Guardian requested a continuance of trial because "trial counsel expect[ed] to be occupied in one of three other jury trials" set to proceed that week in the same department. M.M. objected and, the following day, filed a written objection to the continuance and a motion to dismiss the petition and release M.M. The court denied the motion and found good cause to continue the trial—it was the only department available that day and there was "no representation of another attorney for [M.M.] being available"—and reset the jury trial to July 3, 2023.

---

[3] The LPS Act provides the right to demand a jury trial on the issue of whether the person is gravely disabled. (§ 5350, subd. (d)(1); *Conservatorship of Jose B.* (2020) 50 Cal.App.5th 963, 970.) The "jury trial shall commence within 10 days of the date of the demand, except that the court shall continue the trial date for a period not to exceed 15 days upon the request of counsel for the proposed conservatee. Failure to commence the trial within that period of time is grounds for dismissal of the conservatorship proceedings." (§ 5350, subd. (d)(2).) However, the 10-day time limit is "directory" and "the remedy of dismissal for a failure to comply with the time limit is subject to the discretion of the trial court." (*Conservatorship of T.B.* (2024) 99 Cal.App.5th 1361, 1387.)

2

On July 3, M.M.'s counsel requested a trial continuance due to an illness, which the court granted without objection, resetting trial for August 7, 2023.

On August 7, the Public Guardian requested another continuance because the Public Guardian "expect[ed] to be engaged in a jury trial" in a different matter and "cannot do another jury trial at the same time." The court indicated it was "the only courtroom set-aside for LPS matters" and would "be engaged in another trial in this department beginning today" with the public defender who happened to be M.M.'s attorney; thus, the court continued the matter. M.M. objected to the continuance as "a denial of due process," arguing "prejudice would result from further delay," and requested dismissal of the petition. The court denied the motion to dismiss and reiterated its finding of good cause. The court orally continued the trial to September 28, 2023, but the date was not reflected in the minute order.

At an uncalendared August 28, 2023 hearing, the parties agreed to advance the trial to September 11, 2023, because the temporary conservatorship expired on September 26, two days before the September 28 trial date. On September 11, the court continued trial to September 12, to discuss the "records" to be introduced at trial; voir dire commenced on September 13; and the jury was sworn to try the cause on September 18.

The jury returned a verdict on September 25, 2023, finding M.M. gravely disabled due to mental disorder. Accordingly, the court issued an order appointing a conservator over M.M.'s person "for a one-year period commencing September 25, 2023."

M.M. appealed.[4]

---

[4] M.M. purports to appeal pursuant to Probate Code section 1301, subdivision (c), which authorizes appeals from orders "[d]irecting,

## DISCUSSION

M.M.'s sole argument on appeal is that the trial court erred in finding good cause for the trial continuances and denying the motions to dismiss, which the parties agree we review for abuse of discretion. (*Conservatorship of T.B.*, *supra*, 99 Cal.App.5th at p. 1388.) However, the Public Guardian argues this appeal is moot and should be dismissed because the one-year conservatorship has expired and has not been renewed. We agree.

The conservatorship over M.M. terminated by operation of law in September 2024, or "one year after the appointment of the conservator," which was September 25, 2023. (§ 5361, subd. (a).) While a conservator may petition the court to continue the conservatorship beyond one year in certain circumstances, the Public Guardian has not done so here.[5] (§ 5361, subd. (b).) Accordingly, as M.M. concedes, this appeal is " 'technically moot.' " (*Conservatorship of C.O.* (2021) 71 Cal.App.5th 894, 903, quoting

---

authorizing, approving, or modifying payments, whether for support, maintenance, or education of the ward or conservatee or for a person legally entitled to support, maintenance, or education from the ward or conservatee," and does not apply here. M.M.'s other grounds are equally inapt, and the only potential statutory basis we can identify is Probate Code section 1301, subdivision (a), which authorizes appeals from orders granting or revoking letters of conservatorship. (*Conservatorship of D.C.* (2019) 39 Cal.App.5th 487, 493.) Here, however, M.M. filed the notice of appeal on September 26, 2023, the day after the jury rendered its verdict finding M.M. gravely disabled but before the court issued letters of conservatorship and the order appointing a conservator on October 11. Accordingly, we treat M.M.'s premature notice of appeal as being filed immediately upon issuance of the letters of conservatorship and thus is timely. (Cal. Rules of Court, rule 8.308(c); *People v. Richards* (1969) 269 Cal.App.2d 768, 769, fn. 1; see also Cal. Rules of Court, rule 8.480(a).)

[5] We previously granted the Public Guardian's unopposed request to take judicial notice of the trial court docket. As of October 30, 2024, the only postjudgment action in the trial court relates to this appeal.

4

*Conservatorship of K.P.* (2021) 11 Cal.5th 695, 705, fn. 3.) However, M.M. argues we should exercise our inherent discretion to resolve this appeal on the merits.[6] We decline to do so.

While conservatorships are "relatively brief (one year) in comparison with the appellate process," meaning that defects in the proceedings are capable of evading review because of mootness, here, M.M. does not assert any errors in the trial proceedings; M.M.'s only challenge is that the jury trial should have commenced earlier. (*Conservatorship of Susan T.* (1994) 8 Cal.4th 1005, 1011, fn. 5.) This division squarely addressed the issue in *Conservatorship of T.B.*, *supra*, 99 Cal.App.5th at pages 1389, 1392, 1396, finding that a 171-day delay in trial—longer than the delay here[7]—was an abuse of discretion but declining to reverse for lack of prejudice.

Like *Conservatorship of T.B.*, M.M. fails to demonstrate prejudice. M.M. argues prejudice based on his "loss of liberty . . . for 105 days longer

---

[6] Pursuant to California Rules of Court, rule 8.254, counsel for M.M. submitted a notice that the California Supreme Court granted review of the unpublished opinion in *Conservatorship of E.A.* (Aug. 28, 2024, A169299) review granted October 7, 2024, S287241. M.M. asserts the grant of review demonstrates his claims are "of great public importance." *Conservatorship of E.A.* involved a delay of 362 days as well as an "unresolved" petition for reappointment of the conservator, circumstances we find materially distinguishable from those presented here. (*Conservatorship of E.A.*, *supra*, A169299).)

[7] M.M. calculates the objectionable continuances as totaling 105 days; however, in a footnote, M.M. limits his claim to "only" the 35-day continuance "from August 7, 2023 to September 11, 2023," which followed M.M.'s own continuance request in July 2023 due to trial counsel's illness. At argument, counsel clarified that M.M. was challenging all continuances other than M.M.'s July 2023 request, positing they were granted without good cause. Regardless, M.M. fails to demonstrate prejudice from either the 105-day delay interrupted by M.M.'s own continuance request or the subsequent 35-day delay. (*Conservatorship of T.B.*, *supra*, 99 Cal.App.5th at p. 1396.)

5

than good cause supported." However, a conservatee fails "to show prejudice where his 'only complaint is the conservatorship would have ended . . . earlier if his trial had started [earlier].' " (*Conservatorship of T.B.*, *supra*, 99 Cal.App.5th at p. 1393, quoting *Conservatorship of M.M.* (2019) 39 Cal.App.5th 496, 501.) Here, M.M. raises no issues with the evidence presented, the jury instructions, or the jury's verdict, and delay alone is insufficient without demonstrating it had an "appreciable impact" on M.M.'s ability to present his defense. (*Camacho v. Superior Court* (2023) 15 Cal.5th 354, 393 [finding appellant's showing of prejudice insufficient because, despite a seven-year delay, there was "no indication that the delay . . . undermined the fairness of the proceedings"]; see also *Conservatorship of Jose B.*, *supra*, 50 Cal.App.5th at p. 974 [conservatee failed to demonstrate prejudice based on a 137-day delay, where the conservatee did "not challenge the jury's finding he was gravely disabled or claim any error in the jury's verdict"].)

M.M. also argues the delay here prejudiced his rights to a placement review hearing pursuant to section 5358.7 and a rehearing on his conservatorship pursuant to section 5364, which he "would have been able to exercise . . . sooner" absent the continuances; however, M.M. did not petition for either below, rendering the prejudice speculative.[8] (See *People v. Manzo*

---

[8] For the first time on reply, M.M. asserts prejudice based on stigma, arguing that individuals found to be gravely disabled "may have difficulty obtaining a law license," teaching license, and driver's license. In addition to waiving the argument by not raising it in the opening brief, there is no record that M.M. intends to obtain, or has sought but been denied, any such licenses. (*Aptos Council v. County of Santa Cruz* (2017) 10 Cal.App.5th 266, 296, fn. 7 ["Issues not raised in the appellant's opening brief are deemed waived and abandoned"]; see *In re D.P.* (2023) 14 Cal.5th 266, 277–278 [in the juvenile dependency context, "complaining of 'stigma' alone is insufficient

(2023) 96 Cal.App.5th 538, 541 [reversing dismissal of criminal complaint where defendant failed to demonstrate prejudice from delay in prosecution].) Therefore, because there is no relief we can afford M.M. and no exception to the mootness doctrine applies, we decline to reach the merits. (*In re D.P.*, *supra*, 14 Cal.5th at p. 276 [the duty of this court is " ' "to decide actual controversies by a judgment which can be carried into effect, and not to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it" ' "].)

## DISPOSITION

The appeal is dismissed as moot.

---

to sustain an appeal" and "must be paired with some effect on the plaintiff's legal status that is capable of being redressed by a favorable court decision"].)

_____

DESAUTELS, J.

We concur:

_____

STEWART, P. J.

_____

RICHMAN, J.

*Conservatorship of the Person of M.M.* (A168826)